IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 04-309 |
| | ) |
| ERIC DESHAWN IRVIN | ) |
| RONELL SMITH | ) |
| MAURICE WATKINS | ) |

MEMORANDUM AND ORDER OF COURT

DIAMOND, D.J.

Presently before the court are numerous pro se motions[1] filed by defendants Ronell Smith and Maurice Watkins in the above-referenced case. Specifically, Smith has filed a Motion to Dismiss Indictment (Document No. 75), a Motion to Reveal the Identity of Confidential Informants (Document No. 77) and a Motion to Produce Evidence under Fed. R. Crim. P. 404(b) and 609. (Document No. 78). Watkins also has filed a Motion to Dismiss Indictment (Document No. 76) mirroring that filed by Smith. The government has filed an omnibus response to the motions. (Document No. 81).

On December 7, 2004, a grand jury returned a one-count indictment charging Smith and Watkins, along with co-defendant Eric Deshawn Irvin, with conspiracy to possess with intent to distribute one kilogram or more of heroin from "in or around 2001 until in or around November 2004", in violation of 21 U.S.C. §846.

The court first will address Smith and Watkins' identical

---

[1]. Both defendants are represented by counsel, but have filed these pro se motions on their own initiative.

motions to dismiss the indictment because of "variance between indictment and proof and duplicity and vagueness". The crux of defendants' motions is that the government improperly has charged a single conspiracy in a single count of the indictment when the evidence may establish, at best, multiple conspiracies. Both defendants allege that they could not have been a part of a single conspiracy covering the period from 2001 until November 2004 because they both were incarcerated for a significant portion of that time period, Smith from October 1996 until January 20, 2004, and Watkins from December 27, 2000, until January 6, 2003.

Drug conspiracies involving numerous suppliers and distributors operating under the aegis of a common core group can be treated as a single conspiracy, and the government need not prove that each defendant knew all of the details, goals or other participants. United States v. Padilla, 982 F.2d 110, 114 (3d Cir. 1992). Rather, the government must show that a particular defendant charging variance knew that he was part of a larger drug operation. United States v. Quintero, 38 F.3d 1317, 1337 (3d Cir. 1994).

Moreover, a single conspiracy is not transformed into a series of unrelated, multiple conspiracies merely through changing its membership. United States v. Kelly, 892 F.2d 255, 259 (3d Cir. 1989). Instead, the government may establish the existence of a single conspiracy which attracts different members at different times. United States v. Simmons, 679 F.2d 1042, 1050 (3d Cir. 1982).

- 2 -

To determine whether a series of events constitutes a single conspiracy or separate, unrelated conspiracies, a three-step inquiry is required: (1) determining whether there was a common goal among conspirators; (2) examining the nature of the scheme and determining whether the agreement sought to bring about a continuous result which could not be sustained without the continued cooperation of the conspirators; and, (3) examining the extent to which participants overlapped in various dealings. United States v. Russell, 134 F.3d 171, 182 (3d Cir. 1998).

Here, defendants have not yet gone to trial so their challenge to the indictment on the grounds of a variance between the facts alleged in the indictment and the proof clearly is premature.    The government indicates that through wiretap evidence, witness testimony and physical evidence, it will be able to satisfy its burden of proof beyond a reasonable doubt that Irvin, Smith and Watkins were involved in a single conspiracy as alleged in the indictment.   The government is entitled to proceed to trial in an attempt to prove the charge.   Defendants' motions to dismiss therefore will be denied without prejudice at this time.   If the proof at trial varies from the facts as alleged in the indictment, the court can take up the matter again at that time.

Smith also has filed a motion to reveal the identity of a confidential informant.     The motion indicates that "upon information and belief, the government has relied upon a confidential informants [sic] in this case" and asserts that

identification and investigation of the alleged informant is essential to his defense.

In <u>Loviaro v. United States</u>, 353 U.S. 53, 59 (1957), the Supreme Court recognized "the government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." This privilege is limited by fundamental requirements of fairness to situations "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to the fair determination of a cause" and only in those situations the privilege "must give way." <u>Id</u>. at 60-61.

In determining whether the identity of an informant must be disclosed, courts must balance the competing interests in light of the particular circumstances of the case taking into consideration the crime charged, the possible defenses, the possible significance of the informant testimony and other relevant factors. <u>United States v. Jiles</u>, 658 F.2d 194, 196 (3d Cir. 1981). The defendant bears the burden of demonstrating the need for disclosure. <u>Id</u>. at 197. "In order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." <u>Id</u>. at 197.

Here, defendant Smith has asserted nothing beyond mere speculation that any confidential informant's testimony will be material to the determination of the case. Accordingly, his

- 4 -

motion will be denied as he has provided nothing to override the government's privilege of nondisclosure of any alleged confidential informant.

Finally, defendant Smith has filed a motion to produce evidence which the government intends to use at trial under F.R.E. 404(b) and 609. In response, the government has indicated that it intends to offer under Rule 609 any and all qualifying convictions of all three defendants should they choose to testify. The government also has indicated that it is presently unaware of any evidence which would fall within the parameters of Rule 404(b)², but acknowledges its responsibility to disclose such evidence under that rule, and will do so promptly if it becomes aware of any such evidence. Accordingly, defendant's motion will be granted, and the government is instructed to disclose any 404(b) evidence of which it subsequently becomes aware promptly, and, in any event, no later than one week prior to trial.

ORDER

AND NOW, this $\underline{13^{th}}$ day of December, 2005, the court having considered the pro se motions filed by defendants Ronell Smith and

---

² The government notes that it considers all of its evidence intrinsic to the crime charged in the indictment. Rule 404(b) does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense. United States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999). Thus, in cases where the incident offered is a part of the conspiracy alleged in the indictment, the evidence is admissible notwithstanding Rule 404(b) because it is not an "other" crime. Instead, the evidence is offered as direct evidence of the fact in issue, not as circumstantial evidence requiring an inference as to the character of the accused.

Maurice Watkins in the above-referenced case and the government's response thereto, IT IS ORDERED that the defendants' motions to dismiss (Documents No. 75 and 76) be, and the same hereby are, **denied without prejudice**; and,

IT FURTHER IS ORDERED that defendant Ronell Smith's Motion to Reveal Identity of Confidential Informant (Document No. 77) be, and the same hereby is, **denied**; and,

IT FURTHER IS ORDERED that defendant Ronell Smith's Motion to Produce Evidence (Document No. 78) be, and the same hereby, is **granted**, and the government shall disclose any evidence falling within the parameters of F.R.E. 404(b) and 609 of which it becomes aware promptly and, in any event, no later than one week prior to trial.

Gustave Diamond
United States District Judge

cc: Margaret E. Picking
    Assistant U.S. Attorney

    Ronell Smith
    Maurice Watkins

    Stephen R. Greenberg, Esq.
    1110 Manor Complex
    Pittsburgh, PA 15219

    Robert E. Stewart, Esq.
    428 Forbes Avenue
    1710 Lawyers Building
    Pittsburgh, PA 15219

    Mark D. Lancaster, Esq.
    445 Fort Pitt Boulevard, Suite 100
    Pittsburgh, PA 15219

AO 72A
(Rev.8/82)