IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 04-309 |
| | ) | Civil No. 09-1434 |
| MAURICE WATKINS | ) | |

## MEMORANDUM OPINION

DIAMOND, D.J.

Presently before the court is a motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b) filed *pro se* by Maurice Watkins ("defendant"). For the following reasons, the motion will be denied.

On December 7, 2004, a grand jury returned a one-count indictment charging defendant, along with two other individuals, with conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin. Defendant entered a plea of guilty and was sentenced to a term of imprisonment of 262 months. Defendant's judgment of conviction and sentence was affirmed by the United States Court of Appeals for the Third Circuit on direct appeal.

Defendant subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. By opinion and order dated January 28, 2013, this court determined that defendant knowingly and voluntarily waived his right to collaterally attack his sentence and that enforcement of that waiver would not work a miscarriage of justice and, accordingly, denied his §2255 motion. The Third Circuit Court of Appeals denied defendant's request for a certificate of appealability, finding that jurists of reason would not debate this court's denial of defendant's §2255 motion. Defendant's petition for rehearing in the appellate court also was denied.

Defendant then filed the pending motion for relief from judgment under Fed. R. Civ. P. 60(b)(6)[1] seeking "to eliminate a clear disparity in sentencing among co-defendants" and "to prevent a grave miscarriage of justice." Defendant argues that his sentence violates his right to equal protection and he asks that he be re-sentenced. Upon due consideration, the court finds that defendant is not entitled to relief under Rule 60(b).

It is well-settled that a motion pursuant to §2255 is the "presumptive means by which federal prisoners can challenge their convictions and sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d. Cir. 2002). However, in Gonzalez v. Crosby, 545 U.S. 524 (2005), the United States Supreme Court did recognize that a motion for relief from judgment which challenged *only* a court's prior ruling that a habeas petition was time-barred, and did not seek to raise any substantive claims, could be considered under Rule 60(b). The Third Circuit Court of Appeals likewise has recognized Rule 60(b) as a vehicle by which a defendant may challenge *on procedural grounds* the dismissal of a prior habeas petition and, if successful, have that petition reopened to be considered on the merits. *See, e.g.*, Turner v. Dragovich, 163 Fed. Appx. 97, 99-100 (3d Cir. 2006)(Rule 60(b) motion which only challenged ruling that a habeas petition was time barred could be considered); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004)(where factual predicate of Rule 60(b) motion attacks the manner in which an earlier habeas judgment was procured and not the underlying conviction, the motion may be adjudicated on the merits). However, that vehicle clearly is unavailable to defendant in this case.

Here, defendant's pending motion clearly does not attack the *procedure* by which this court's judgment dismissing his prior §2255 petition was procured. Indeed, the Third Circuit Court

---

[1] F.R.C.P. 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any other reason that justifies relief." Pursuant to F.R.C.P. 60(c)(1), motions seeking relief under Rule 60(b)(6) "must be made within a reasonable time."

of Appeals has already determined that this court's enforcement of defendant's collateral attack waiver and denial of defendant's §2255 motion was not debatable among jurists of reason and denied defendant's request for a certificate of appealability.

Instead, defendant's motion clearly attempts to raise another direct challenge to his sentence by arguing that the disparity between his sentence and those of his co-defendants operates as a "grave injustice" and violates his right to equal protection. Significantly, defendant's requested relief is *not* the re-opening of his prior §2255 motion, the judgment he purportedly wants to have reconsidered, but instead is "a remand for resentencing" to eliminate the disparity in sentences among co-defendants.

Because defendant's asserted claim is a direct attack on his sentence, a motion to vacate, set aside or correct sentence under §2255, not a Rule 60(b) motion, is the exclusive means by which defendant can raise that challenge to his sentence. See United States v. Bush, 457 Fed. Appx. 94, 96 (3d Cir. 2012).[2] Accordingly, defendant's motion for relief from judgment under Rule 60(b) will be denied.

Finally, to the extent it may be necessary, the court finds that a certificate of appealability should not issue in this case, as the court believes that no reasonable jurist could construe defendant's pending motion as a mere procedural challenge to the prior dismissal of his §2255

---

[2] The court notes that because defendant already has sought relief under §2255, before he may file a second or successive petition, he must have it certified, as provided in 28 U.S.C. §2244, by a panel of the appropriate court of appeals. 28 U.S.C. §2255(h). Pursuant to §2244(a)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also, Rule 9 of the Rules Governing §2255 Proceedings ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion"). Defendant has not received certification from the United States Court of Appeals for the Third Circuit to file a second §2255 motion in this case, and this court therefore has no authority to construe petitioner's motion as a §2255 motion. See Holland v. Warden Canaan USP, ___ Fed.Appx ___, 2014 WL 2724654 (3d Cir., June 17, 2014)(district court lacks jurisdiction to consider unauthorized §2255 motion).

AO 72
(Rev. 8/82)

motion, nor is it reasonably debatable that petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* <u>Bush</u>, 457 Fed. Appx. at 96 (to the extent it would be needed, motion for certificate of appealability was denied because court's ruling that petitioner's Rule 60(b) motion was clear attack on original conviction was not "debatable amongst jurists of reason"); <u>Turner</u>, 163 Fed. Appx. at 100 n. 4 (the Supreme Court in <u>Gonzalez</u>, "while leaving the issue open, did not disapprove of the practice of requiring a certificate of appealability as a prerequisite to appealing the denial of a Rule 60(b) motion, calling it a 'plausible and effective screening requirement.'")

An appropriate order follows.

Dated: November 5, 2014

/s/ Gustave Diamond
Gustave Diamond
United States District Judge