IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES            )
                         )        CR 4-309
     v.                  )        CV 17-849
                         )
MAURICE WATKINS

**ORDER OF COURT**

On August 10, 2017, this Court denied Defendant's Motion to Vacate as an impermissible second or successive petition, without prejudice to Defendant to seek appropriate certification from the Court of Appeals. Subsequently, Defendant filed a Reply Brief, which contained a request that the matter be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631. Because it was contained in a Brief, the request was not docketed as a pending motion. Nevertheless, for purposes of docket clarity, this Order addresses Defendant's transfer request.

In this case, Defendant first filed a Motion to Vacate on October 27, 2009. Defendant's Motion, filed on June 26, 2017, was denied by Order dated January 28, 2013. On June 17, 2016, Defendant filed a counseled Motion to Vacate contending that his 2006 Guidelines sentence was invalid pursuant to Johnson v. United States, 135 S. Ct. 2251 (2015). That Motion was stayed pending Beckles v. United States,137 S. Ct. 886 (2017), and then voluntarily withdrawn after Beckles issued; counsel also withdrew. Subsequently, on June 26, 2017, Defendant filed a pro se Motion challenging his career offender enhancement under Mathis v. United States, 136 S. Ct. 2243 (2016). Therein, Defendant relies on Mathis to establish the timeliness of his Motion.

Generally speaking, the transfer of Section 2255 motions pursuant to Section 1631, rests on "the interests of justice," including the possibility that a defendant will be time-barred from re-filing due to the one-year limitations period. United States v. Vancol, 972 F. Supp. 833, 835

1

(D. Del. 1997). Courts within this Circuit have repeatedly held Mathis insufficient to trigger a new one-year limitation period. See, e.g., United States v. Gadsden, No. 09-305, 2017 U.S. Dist. LEXIS 202795 (W.D. Pa. Dec. 11, 2017); United States v. Bryant, No. 03-838-1, 2017 U.S. Dist. LEXIS 164930 (E.D. Pa. Oct. 4, 2017). In this case, a transfer pursuant to Section 1631 is not warranted. This Court's Order dated August 10, 2017, remains unchanged.

AND NOW, this 12th day of January, 2018, IT IS SO ORDERED.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court